**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.   Case No. 19-cr-20240
    Hon. Denise Page Hood

CHRISTOPHER TALLARICO,
Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR MODIFICATION OF TERMS OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c) (ECF Nos. 164-165) and GRANTING DEFENDANT'S MOTIONS TO SUPPLEMENT (ECF. Nos. 178-179)**

**I. INTRODUCTION**

This matter is before the Court on Defendant Christopher Tallarico's December 14, 2020 and December 15, 2020 Motions for Modification of his term of imprisonment under 18 U.S.C. § 3582(c) (ECF No. 164-165) and April 20, 2021 and June 2, 2021 Motions to Supplement the Record (ECF Nos. 178-179). He requests that the Court grant a compassionate release, modification of his term of imprisonment, and/or home confinement until the Covid-19 pandemic is over. (ECF No. 165, PageID.1494). For the reasons that follow, the Court grants the motions to supplement and denies the motions for modification of terms of imprisonment.

**II. BACKGROUND**

1

Defendant is a 49-year-old male incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio. On September 4, 2019, he pled guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute five kilograms or more of cocaine. 21 U.S.C. § § 846, 841(a)(1), and 841(b)(1)(A)(ii). On September 23, 2020, he appeared for sentencing and received a sentence of 180 months. Judgment was entered on January 7, 2021 (ECF No. 167, PageID.1509-1514).

It is undisputed that Defendant has exhausted his administrative remedies

### III. ANALYSIS

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 2021 WL 3855665, at *4 (6th Cir. 2021)(*quoting* Webster's Third New International Dictionary: Unabridged 807 (1971)). "'Compelling' meant 'forcing, impelling, driving.' *Id.* (*quoting* Webster's at 463).

A district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *United States v.*

*Saldana*, 807 F. App'x 816, 820-21 (10th Cir. 2020). Even if the Court finds substantial and compelling reasons to reduce a term of imprisonment, it is necessary to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A).

The Court has reviewed and considered Defendant's Motions, the Government's Response (ECF No. 170), the Defendant's supplemental filings (ECF Nos. 183-188), and the Government's supplemental filing (ECF No. 190).[1] Defendant states that as of December 14, 2020, at least12 inmates at his facility tested positive for Covid-19 and that the virus will continue to be "transferred through detainees from and to other institutions." (ECF No. 165, PageID.1488). He represents that limitations imposed because of Covid-19 prevent him from performing "cardiac and musculoskeletal rehabilitations" such as daily walking prescribed following his emergency double bypass surgery of October 2019. (*Id.*, PageID.1489). He states that he experienced complications from the double bypass resulting from the harvest of a blood vessel of the left leg. (*Id.*). He adds that he stands 5' 8" and weighs 222 which places him in the category of clinically obese; takes medication for hypertension; has an enlarged heart; and "has used an inhaler for years to treat his asthma" (*Id.*).

---

[1] Since the Government has filed a response to Defendant's supplemental filings, the Court will grant the Defendant's motions (ECF Nos. 178-179) to submit those filings.

The Government argues that Defendant has not shown substantial and compelling reasons to grant a compassionate release premised on his medical conditions. First, it notes that Defendant has already contracted Covid-19 and has fully recovered. (ECF No. 170, PageID.1520). In its response to the supplemental briefing by Defendant, the Government also notes that since filing his motions, Defendant has been fully vaccinated against Covid-19. ECF No. 190, PageID.1973; ECF No. 190-1). These two facts defeat Defendant's claim of substantial and compelling reasons.

Numerous cases from the Eastern District of Michigan and other courts have held that an individual who has been vaccinated does not present extraordinary and compelling reasons for a sentence reduction. In *United States v. Collier*, No. 2:15-CR-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021)(Murphy, J.), the Court cited several of those cases, stating:

> But Defendant's claim about health complications from COVID-19 are not extraordinary and compelling. Defendant is fully vaccinated from the COVID-19 virus because he has received both Pfizer vaccine shots. ECF 99, PgID 1061 (under seal). The Pfizer vaccine is highly "effective at preventing COVID-19 in individuals who have not previously contracted COVID-19." *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant has been vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of

4

contracting COVID-19. *United States v. Gilmore*, No. 17-20519, 2021 WL 1295360, at *5 (E.D. Mich. Apr. 7, 2021); *United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); *United States v. Gabbard*, No. 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2–3 (E.D. Mich. Mar. 9, 2021). On that basis, the Court will deny the compassionate release motion because Defendant has not shown that there are any extraordinary and compelling reasons for release.

In *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021)(Cleland, J.), the Court rejected the claim of extraordinary and compelling reasons for compassionate release where the defendant had been vaccinated, stating:

> The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19.

*See also United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio, Apr. 1, 2021) ("Because Defendant will be at little-to-no risk of severe COVID-19 shortly after receiving his second Pfizer dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case.")(citing *Miller*); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal., Feb. 16, 2021)(denying compassionate release where defendant had been fully vaccinated, even though he had several chronic medical conditions); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021)("The Court finds that the combined

circumstances of the Defendant having contracted and recovered from COVID-19, and now having been fully vaccinated mitigates his risk of contracting the virus.").

Here, Defendant has not only been treated for and recovered from Covid-19 while in the custody of the BOP, but he has been fully vaccinated against the virus. He has received appropriate medical care during his incarceration. He has not shown extraordinary and compelling reasons for an early release from his 15-year sentence.

Nor do the sentencing factors in 18 U.S.C. § 3553(a) favor release. Defendant stands convicted of a serious drug trafficking crime involving negotiations for the sale of multiple kilograms of cocaine. This was his second drug trafficking conviction, resulting in an enhanced 15-year mandatory minimum sentence. He committed the present offense while on bond in a separate case in the State of Pennsylvania. Granting early release would not reflect the seriousness and circumstances of the offense, afford adequate deterrence to criminal conduct, provide just punishment for this offense, or protect the public from further crimes of this Defendant. These § 3553(a) factors weigh against compassionate release. *See ,e.g., United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *6 (E.D. Mich., May 15, 2020)(Cox, J.)(denying compassionate release because "the 18 U.S.C. § 3553(a) sentencing factors do not favor release"); *United States v. Kincaid*, 802 Fed. App'x 187, 188-89 (6th Cir. April 23, 2020)(upholding a district court's denial of compassionate release based on the § 3553(a) factors).

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motions for Modification of Terms of Imprisonment (ECF Nos. 164-165) are DENIED.

IT IS FURTHER ORDERED that Defendant's motions to supplement (ECF Nos. 178-179) are GRANTED.

 s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: October 28, 2021